March 13, 1935.

## OPINION OF THE JUSTICES.

At the present session of the legislature the senate passed the following resolution:

"Whereas, Senate Bill No. 15 as reported by the Committee on Judiciary in new draft, designed to stimulate economic recovery by encouraging new building projects by granting tax exemption for a limited period is before the Senate for consideration, and

"Whereas, doubt exists as to the constitutionality of the action proposed in said bill, . . .

*Be it resolved,* That the President *pro tem* of the senate be and hereby is authorized and directed to obtain from the Honorable Justices of the Supreme Court their opinion upon the following question:

"Do the provisions of Senate Bill No. 15 as reported in new draft, a copy of which is attached hereto, violate any of the provisions of the fundamental law of our State?"

The following answer was returned:

*To Honorable Anson C. Alexander, President pro tem of the Senate:*

Answering the inquiry of the resolution of the senate requiring the opinions of the justices of the supreme court upon the constitutionality of Senate Bill No. 15 as reported in new draft, we give our views as follows:

The power of the legislature to classify property into taxable and non-taxable groups includes power to grant reasonable exemptions from taxation. "The reasonable exemption of certain classes of property by express language, or by its omission from the description of the property required to be taxed, has not, in the practical construction given to the constitution ever since its adoption, been considered to affect the validity of the tax upon other property." *Thompson* v. *Kidder,* 74 N. H. 89, 97. "If the distinction made is a reasonable one, in the sense that it may be deemed to be just, it is sufficient." *Opinion of the Justices,* 82 N. H. 561, 573. The resulting inequality or discrimination against unexempted property is not fatal to the constitutionality of the exemption. "Inequality of taxes laid is forbidden, but inequality caused by taxing some property and not taxing other is permitted." *Opinion of the Justices,* 82 N. H. 561, 574.

The purpose of the proposed exemption, being one properly within the legislature's discretion in acting for the welfare of the state, furnishes a just reason therefor.

It is our opinion that the bill if enacted will be a constitutional measure.

JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.
ELWIN L. PAGE.

March 13, 1935.

WOODBURY, J., furnished no opinion on account of illness.